1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8    Tracy Ann McNally,              )
                                     )
9                   Petitioner,      )
                                     )
10                  v.               )    CV 06-899 PHX EHC (VAM)
                                     )
11   State of Arizona,               )    REPORT AND RECOMMENDATION
                                     )
12   _____Respondent._____)

13   TO THE HONORABLE EARL H. CARROLL, U.S. DISTRICT JUDGE.

14        Tracy Ann McNally ("petitioner") filed a pro se Amended

15   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

16   Petitioner presents two grounds for relief in the amended

17   petition.  (Doc. 7 at p. 5).  Respondents filed an answer

18   opposing the granting of habeas relief.  (Doc. 8).

19                           **I. BACKGROUND**

20        On November 21, 2001, a state trial court accepted

21   petitioner's guilty plea to manslaughter and aggravated assault.

22   (Doc. 8 at Exhibits D and E).  On January 17, 2002, petitioner

23   was sentenced to 15 years in prison on the manslaughter

24   conviction and 5 years probation for the aggravated assault

25   conviction.  (Id. at Exhibit F).

26        On April 5, 2002, petitioner filed a Notice of Post-

27   Conviction Relief Pursuant to Rule 32.1 in the trial court.

28   (Doc. 8 at Exhibit G).  Petitioner followed up by filing a

petition raising the following grounds:

**1. Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.**

... [counsel had] minimal contacts with Petitioner, ... failed to affirmatively explore avenues of defense in Petitioner's case ....

... [counsel] advised Petitioner to plead guilty without having received or reviewed Petitioner's blood test results. This ... evidence, ... contained information that had [counsel] been provided ... sooner, she would not have advised Petitioner to plead guilty .... the blood test results were of such a critical nature, and had, up to this point, not been provided to defense counsel ....

... [counsel] did not give Petitioner ample opportunity to review the plea agreement, nor reflect on the repercussions to follow ....

**2. Based on the misleading information provided Petitioner by [counsel], Petitioner did not knowingly, intelligently and voluntarily plead guilty.**

(Doc. 8 at Exhibit B).

The trial court denied the petition in a minute entry filed on November 6, 2002.  (Doc. 8 at Exhibit H).  Petitioner sought review, but the Arizona Court of Appeals denied the petition for review without comment on February 17, 2004.  (Id. at Exhibit I).

On October 25, 2004, petitioner initiated a second Rule 32 in the trial court.  In the accompanying petition, petitioner raised the following claims:

**I. [Petitioner] Was Not Competent At The Time She Entered Her Plea Agreement And Is Thus Entitled To Withdraw From The Plea.**

**II. [Petitioner] Did Not Receive Effective Assistance Of Counsel At All Stages Of The Proceedings.**

... failing to prepare for sentencing adequately. Counsel called no witnesses at sentencing - either regarding [petitioner's] mental health problems or

regarding the actual mechanics of the accident or even family members or friends to speak on her behalf; counsel failed to argue a probation tail as a mitigating factor; counsel failed to review the available medical records and police reports ....

**III. The Trial Court Imposed An Aggravated Sentence In Violation Of The Arizona And United States Constitution**.

(Doc. 8, Exhibit J, Attachment 1 at pp. 1-3).

The trial court denied the petition, concluding it was untimely. However, the court noted that her sentencing claim, predicated on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), was couched as a change in the law and addressed this claim on the merits (denying relief). (Doc. 8 at Exhibit K). Other claims were denied on the basis of preclusion. (<u>See id.</u> at Exhibit K). The Arizona Court of Appeals denied review without comment on September 21, 2005. (<u>Id.</u> at Exhibit L).

On March 28, 2006, petitioner filed a federal habeas corpus petition. (Doc. 1). On July 10, 2006, petitioner filed an amended petition. Petitioner raised the following grounds:

**Ground one:**
Misleading information from my counsel concerning sentencing

The first visit with my counsel lasted approximatrly [sic] ten minutes, where I was informed that my counsel was waiting for the results of my blood test. I didn't receive another visit until one month later on November 19, 2001 when counsel presented me with a plea agreement that was to expire on November 21, 2001.  At this visit my counsel advised me that I would get the mitigated sentence of seven years.  Stating that she was sure that I would get a seven year sentence, this was following conversation that counsel had with the prosecutor.  Following the advise of my counsel for a seven year sentence.  I signed the plea agreement on November 19, 2001.

3

1          **Ground two:**
                   I was incompetent at the time of my plea and
2          sentencing

3          I had court ordered medical testing on February 20,
           2002, that showed I was incompetent at the time of my
4          plea and sentencing.  I was on five different
           medications ordered by the court on August 7, 2001 put
5          me at a fifth grade level in math and a fourth grade
           level in language skills.  After discontinuing at least
6          three of the medication[s] I was retested on July 26,
           2002 I obtained the highest score in math and language
7          skills.  This information was not disclosed to me until
           after the dismissal of my Post-conviction relief.  My
8          plea signing was entered in on November 21st, 2001.  My
           sentencing was on January 17, 2002.  My first post-
9          conviction relief was on April 5, 2002, second post-
           conviction relief prepared by my attorney on June 24,
10         2002.

11    (Doc. 7 at p. 5).

12                         **II.DISCUSSION**

13         **A. Statute of Limitations**

14         As part of the Anti-Terrorism and Effective Death Penalty

15    Act of 1996 ("AEDPA"), Congress provided a 1-year statute of

16    limitations for all applications for writs of habeas corpus filed

17    pursuant to 28 U.S.C. § 2254, challenging convictions and

18    sentences rendered by state courts.  This provision, codified at

19    28 U.S.C. § 2244, states, in pertinent part:

20         (d)(1) A 1-year period of limitations shall apply to an
           application for a writ of habeas corpus by a person in
21         custody pursuant to the judgment of a State court.  The
           limitation period shall run from the latest of --
22
           (A) the date on which the judgment became final by the
23         conclusion of direct review or the expiration of time
           for seeking such review;
24
           (B) the date on which the impediment to filing an
25         application created by State action in violation of the
           Constitution or laws of the United States is removed,
26         if the applicant was prevented from filing by such
           State action;
27

28                              4

1    (C) the date on which the constitutional right asserted
     was initially recognized by the Supreme Court, if the
2    right has been newly recognized by the Supreme Court
     and made retroactively applicable to cases on
3    collateral review; or

4    (D) the date on which the factual predicate of the
     claim or claims presented could have been discovered
5    through the exercise of due diligence.

6        In Calderon v. United States District Court for the Northern

7    District of California ("Beeler")(en banc), 128 F.3d 1283 (9th

8    Cir. 1997), the Ninth Circuit addressed the new limitations

9    period contained at 28 U.S.C. § 2244(d)(1).  The Court noted that

10   prior to § 2244(d)'s enactment "state prisoners had almost

11   unfettered discretion in deciding when to file a federal habeas

12   petition" and that "delays of more than a decade did not

13   necessarily bar a prisoner from seeking relief."  Beeler, 128

14   F.3d at 1286.

15       The Court noted, however, that the provisions of § 2244(d)

16   "dramatically changed this landscape" and a petitioner was now

17   "required to file his habeas petition within one year of the date

18   his process of direct review came to an end."  Id.  The Court,

19   following other circuits, also held that the period of

20   limitations "did not begin to run against any state prisoner

21   prior to the statute's date of enactment" of April 24, 1996.

22   Beeler, 128 F.3d at 1287.  Thus, all federal habeas corpus claims

23   concerning state court judgments finalized prior to April 24,

24   1996, had to be filed by April 23, 1997,[1] or they were barred by

25   ───────────────────

26   [1] The Ninth Circuit has held that, pursuant to the counting
     provisions outlined in Fed.R.Civ.P. 6, the one-year limitations
27   period for all habeas petitioner's challenging convictions or
     sentences finalized prior to the April 24, 1996 effective date of

28                                    5

the statute of limitations absent a showing the circumstances surrounding the filing of the petition fell into one of the categories listed in § 2244(d)(1)(B)-(D).

The Beeler Court also held § 2244(d) established a customary statute of limitations period "subject to equitable tolling." Id. at 1288-89.  The statute itself provided for tolling the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). However, the Court cautioned that equitable tolling of the limitations period "will not be available in most cases but will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (3rd Cir. 1997)).

**B. Application to the Facts of the Case**

The record shows that petitioner's direct proceedings concluded on January 17, 2002, when she was sentenced (petitioner pleaded guilty).  (Doc. 8 at Exhibit F).  Petitioner was informed of her rights of review and received written notice.  (Id. at p. 5).  Under Arizona law, because petitioner was convicted and sentenced pursuant to a plea of guilty, petitioner had no direct review rights but could only challenge the validity of the conviction in a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1.  See A.R.S. § 13-4033(B).

---

the AEDPA is April 24, 1997.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Between January 17, 2002, when petitioner was adjudged guilty and sentenced, and March 28, 2006, when she filed her original federal habeas petition, (see Doc. 1), more than four years elapsed.  Unless petitioner can establish grounds for tolling more than 3 years of this time, her claims are barred.

The record shows petitioner's first Rule 32 proceeding was pending in state court between April 5, 2002, and February 17, 2004 (when the Arizona Court of Appeals denied review).  Nothing indicates petitioner filed for review in the Arizona Supreme Court.  (See Doc. 8 at Exhibits G and I).  Petitioner had nothing further pending in state court until she initiated a second Rule 32 in the trial court on October 25, 2004.  (Doc. 8 at Exhibit J).  This second Rule 32 was pending until September 21, 2005, when the Arizona Court of Appeals again denied review.  (See id. at Exhibit L).  Nothing in the record indicates petitioner sought review in the Arizona Supreme Court.  As a result, petitioner had nothing pending in state court after September 21, 2005.  She filed her federal petition on March 28, 2006.  (Doc. 1).

Although the time petitioner had Rule 32 proceedings pending in state court tolled the limitations period, see 28 U.S.C. § 2244(d)(2), petitioner had nothing pending in state court between January 17, 2002 and April 5, 2002 (more than 2 and 1/2 months), February 17, 2004, and October 25, 2004 (more than 8 months), and September 21, 2005, and March 28, 2006 (more than 6 months).  Together this adds up to more than 16 months of untolled time.  See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).  ("[petitioner] ... kicked off a new round of collateral review.

7

He was no longer pursuing his application for habeas relief up
the state court system.  Because ... his first round of
collateral review was complete when the Court's ruling became
final, *he is not entitled to tolling of the ... period before he
began a second round of [state] petitions ...*") (emphasis added);
see also Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999)
(time between conclusion of direct appeal proceedings and
initiation of state collateral review proceedings does not toll
the statute of limitations because petitioner does not have any
state proceedings "pending" during this interval).

Finally, despite being given the opportunity to respond to
respondents assertion that her claims are time-barred, (see Doc.
9), petitioner has failed to file a response and, thus, has
presented no basis for tolling the limitations period during the
months she had nothing pending in state court.  As a result, her
habeas claims are barred by the statute of limitations.

**C. Procedural Default**

Because the Magistrate Judge believes petitioner's claims
are barred by the statute of limitations, it is not necessary to
address respondents' contention that at least one of petitioner's
claims is procedurally defaulted.  (Doc. 8 at pp. 6-9).

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for
Writ of Habeas Corpus is denied as untimely.

This Report and Recommendation is not an order that is
immediately appealable to the Ninth Circuit Court of Appeals.
Any notice of appeal filed pursuant to Rule 4(a)(1), Federal
Rules of Appellate Procedure, should not be filed until entry of

8

the district court's order and judgment.  The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 13th day of September, 2006.

Virginia A. Mathis
United States Magistrate Judge